UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MURILLO,<br><br>       Petitioner,<br><br>v.<br><br>STEPHEN SMITH, et al.,<br><br>       Respondents. | Case No.:  25-cv-91-RSH-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) NOTIFYING PETITIONER OF OPTIONS TO AVOID DISMISSAL OF PETITION**<br><br>[ECF Nos. 1-2] |

  Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a San Diego County Superior Court judgment of conviction and resentencing in case number SCD189155. ECF No. 1. Petitioner has also filed a motion for leave to proceed in forma pauperis. ECF No. 2. For the reasons discussed, the Court **GRANTS** the motion to proceed in forma pauperis and **NOTIFIES** Petitioner of his options to avoid a future dismissal of the instant habeas action.

## MOTION TO PROCEED IN FORMA PAUPERIS

  Petitioner has $1.01 on account at the California correctional institution in which he is presently confined [*see* ECF No. 2 at 4-5], and cannot afford the $5.00 filing fee.

1  Accordingly, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and
2  allows him to prosecute the above-referenced action without being required to prepay fees
3  or costs and without being required to post security. The Clerk of Court will file the Petition
4  without prepayment of the filing fee.

## **FAILURE TO EXHAUST STATE COURT REMEDIES**

Upon review, it does not appear that Petitioner has exhausted state court remedies as to all of the seven enumerated claims in the Petition. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and a petitioner must also allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are

asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Here, Petitioner alleges that he raised Grounds One through Four, which allege violations of cruel and unusual punishment, double jeopardy, equal protection, and illegal sentence/wrongful conviction, respectively, in a petition for review filed in the California Supreme Court. *See* ECF No. 1 at 6, 8-10. However, Petitioner does not indicate whether he raised Grounds Five through Seven, which present claims concerning the Supremacy Clause, alleged ineffective assistance of counsel, and asserted due process violations, respectively, in the California Supreme Court.[1] *See id.* at 13-19.

In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a petition which did not contain only exhausted claims is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but that a petitioner must be permitted an opportunity to cure that defect prior to dismissal. *Id.* at 514-20. Here, given that Petitioner does not allege that he has exhausted all of his claims, the Court notifies Petitioner of his options to proceed.

## I.   First Option: Demonstrate Exhaustion

Petitioner may file papers in which he demonstrates he has exhausted all claims in the Petition. If Petitioner chooses this option, these papers are due no later than **April 9, 2025**.

//

---

[1]   In a separate section of the habeas form, Petitioner generally indicates that he raised an alleged due process violation in his California Supreme Court petition for review [*see id.* at 2], but he does not specifically indicate that he presented Ground Seven in that petition. Even were the Court inclined to find Petitioner alleged exhaustion as to Ground Seven, the Petition remains mixed because he fails to allege exhaustion as to Grounds Five and Six.

## II.   Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Lundy*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] The statute of limitations does not run while a properly filed state habeas corpus

---

[2]   28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

petition is pending. 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended*, 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

If Petitioner chooses this second option, he must file a voluntary dismissal with this Court no later than **April 9, 2025**.

### III.  Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claim(s) and proceed with those claims that he alleges he has exhausted. *See Lundy*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **April 9, 2025.** Petitioner is cautioned that once he abandons his unexhausted claim(s), he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).

### IV.  Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). There are two methods available to Petitioner: the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he must ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure

he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133, 1141-42 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition—*i.e.*, they must share a "common core of operative facts" with the previously exhausted claim(s). *Id.* at 1142-43 (quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005)). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **April 9, 2025.**

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis [ECF No. 2], and **NOTIFIES** Petitioner that his Petition as currently drafted is subject to dismissal for failure to allege exhaustion of state court remedies. If Petitioner wishes to proceed with this habeas action, he must, no later than **April 9, 2025**, notify the Court which of the options outlined above he chooses. Petitioner is cautioned that if he fails to respond to this Order, the Petition will be dismissed without prejudice. *See Lundy*, 455 U.S. at 522.

**IT IS SO ORDERED.**

February 25, 2025

_____
Honorable Robert S. Huie
United States District Judge